Filed 5/25/2021 11:57 AM
Shawntel Golden
District Clerk
Lamar County, Texas

Kristen Boehler

90364

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES LANCASTER,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF<br><br>Lamar County - 6th District Court |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| AEROTEK INC.,<br>*Defendant.* | §<br>§<br>§ | LAMAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION & REQUIRED DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW James Lancaster ("Plaintiff"), complaining of Defendant Aerotek Inc. ("Defendant") and for a cause of action would respectfully show unto the Court as follows:

### DISCOVERY

1. *Discovery Control Plan.* Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Discovery Control Plan Level Two governs this lawsuit.

2. *Required Disclosure.* Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within thirty (30) days after answer or general denial is entered, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

### PARTIES

3. Plaintiff is a resident of the State of Texas. He currently resides in Texas, and he has always resided there material to this lawsuit.

4. Defendant is a foreign for-profit corporation conducting business in Franklin County, Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, located at 800 Brazos Street, Ste. 750, Austin, TX 78701 and/or wherever an agent authorized to accept service of process may be found.

### MISNOMER/MISIDENTIFICATION

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties were "alter egos" of

1

EXHIBIT
B-1

parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### JURISDICTION & VENUE

6. This court has personal jurisdiction, both specific and general, over Defendant, because it does business in Texas and Defendant is amenable to service by a Texas court. Additionally, venue is proper in Lamar County because a substantial portion of the events and/or omissions giving rise to Plaintiff's claim occurred in Lamar County. Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

7. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred thousand fifty dollars ($250,000.00) but less than one million ($1,000,000.00). Plaintiff reserves the right to amend these amounts if a jury awards an amount in excess of one million dollars ($1,000,000.00).

### STATEMENT OF FACTS

7. Defendant have been a "subscriber" of workers' compensation insurance at all times material to this action.

8. At all times relevant to this suit, Plaintiff was employed by Defendant.

9. On or about October 7, 2020, Plaintiff suffered an on-the-job injury in the course and scope of his employment for Defendant. Plaintiff promptly initiated the filing of a workers' compensation claim by notifying his supervisor of his injury.

10. On or about October 9, 2020, Defendant terminated Plaintiff for a pre-textual reason in retaliation for Plaintiff initiating the filing of a workers' compensation claim.

11. As a result of his discharge, Plaintiff has suffered substantial economic losses and severe mental anguish, and he will continue to suffer such losses in the future.

### WORKERS' COMPENSATION RETALIATION

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 as if those allegations were set forth verbatim.

13. Plaintiff alleges that Defendant violated Section 451.001 of the Texas Labor Code by discharging Plaintiff because he notified his employer of his on-the-job injury and/or initiated the filing of a workers' compensation claim in good faith, and by not reinstating his.

14. Plaintiff seeks the maximum damages allowed by Section 451.002 of the Texas Labor Code and at common law.

15. Plaintiff's injuries resulted from Defendant's fraud and/or malice as set forth in Tex. Civ. Prac. & Rem. Code § 41.001 et seq. Accordingly, Plaintiff is entitled to an award of exemplary damages in accordance with Texas law.

### REQUEST FOR RELIEF

16. Based on the foregoing, Plaintiff requests that Defendant appear and answer, and that on final trial of this lawsuit Plaintiff have final judgment against Defendant for the following relief:

    a) All reasonable damages;

    b) Lost earnings and employee benefits in the past;

    c) Lost earnings and employee benefits that in reasonable probability will be lost in the future;

    d) Compensatory damages, past and future (which may include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses);

    e) Exemplary damages;

    f) Pre-judgment and post-judgment interest at the maximum amount allowed by law;

    g) Costs of suit; and

    h) The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

**PRAYER**

17. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested, for pre-judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GARZA AGUIRRE, PLLC**
118 E. Ashby
San Antonio, Texas 78212
214.225.0407 t.
210.922.0813 f.

/S/ Josue Garza
**JOSUE F. GARZA**
Texas Bar No. 24072737
josue@garzaaguirrelaw.com

**ATTORNEYS FOR PLAINTIFF**

4